1  MAYER BROWN LLP
   DALE J. GIALI (SBN 150382)
2    *dgiali@mayerbrown.com*
   KERI E. BORDERS (SBN 194015)
3    *kborders@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA 90071-1503
   Telephone: (213) 229-9500
5  Facsimile: (213) 625-0248

6  Attorneys for Defendants
7  GALDERMA LABORATORIES, L.P.

8
## UNITED STATES DISTRICT COURT
9
## NORTHERN DISTRICT OF CALIFORNIA
10

11 | ANDREA GREENBERG, on behalf of herself and all others similarly situated, | Case No. 16-CV-06090
12 | | [Alameda County Superior Court Case No. RG 16831799]
13 | Plaintiff, | 
   | vs. | 
14 | | **NOTICE OF PETITION FOR REMOVAL BY DEFENDANT GALDERMA LABORATORIES, L.P., and DOES 1-100,**
15 | GALDERMA LABORATORIES, L.P., and DOES 1-100, | **GALDERMA LABORATORIES, L.P. PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 AND 1446**
16 | Defendants. | 
17 | | (Diversity Jurisdiction – Class Action Fairness Act)

18
19
20
21
22
23
24
25
26
27
28

722013872

PLEASE TAKE NOTICE that Defendant Galderma Laboratories, L.P. ("Galderma"), through undersigned counsel, hereby removes the case identified in paragraph 1 below to this Court. This removal is made pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.

I.   **PAPERS FROM THE REMOVED ACTION**

1. On September 20, 2016, Plaintiff Andrea Greenberg filed the removed case, *Greenberg v. Galderma Laboratories, L.P., and Does 1 through 100*, No. RG 16831799, in the Superior Court of California, County of Alameda. Plaintiff served the Complaint on Galderma on September 28, 2016.

2. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons, the Complaint, Civil Cover Sheet, Declaration of Venue, and Court Notices are attached hereto as Exhibit A to the Declaration of Dale J. Giali ("Giali Decl.").

3. Defendant did not answer Plaintiff's Complaint in Alameda County Superior Court prior to removal and is not aware of any further proceedings or filings regarding this action in that court. Giali Decl. ¶ 4.

II.   **NATURE OF REMOVED ACTION**

4. Plaintiff alleges she purchased one or more of Cetaphil brand name products that feature on the label the words "Eczema Calming," "Formulated for Eczema," or other representations that the products will treat or mitigate eczema (the "Products"). Plaintiff asserts that the labels of these Products violate the Consumers Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law. Plaintiff challenges the labeling statements regarding treatment or mitigation of eczema because Plaintiff claims that FDA has stated that only one ingredient, colloidal oatmeal, treats or mitigates eczema, and the Products do no contain this ingredient.

5. Plaintiff asserts five causes of action. Plaintiff brings three causes of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, for unlawful, fraudulent, and unfair conduct (*see* Compl., Causes of Action ¶¶ 55-82); one under California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, for misleading and deceptive advertising and untrue advertising (*see* Compl., Causes of Action ¶¶ 83-88); and

one under California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. (*see* Compl., Causes of Action ¶¶ 48-54).

6. Plaintiff seeks to represent the following putative class:

> "All persons who purchased any of the Products in California during the applicable statute of limitations."

Compl., ¶ 42.

7. Plaintiff seeks class certification, injunction, corrective advertising, class notification, and attorney's fees and costs, as well as what other relief might be just and proper. Compl., Causes of Action ¶¶ 53, 68, 74, 82, 88 & Prayer for Relief.

**III. Venue**

1. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**I. THE REMOVAL IS TIMELY**

2. The removal is timely under 28 U.S.C. § 1446(b).

3. Plaintiff filed her Complaint on September 20, 2016. Plaintiff served the Complaint on Galderma on September 28, 2016. Exhibit A to Giali Decl.

4. Galderma filed this Notice of Removal within thirty (30) days of service, as required by law. *See*, *e.g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

**II. NOTICE TO ADVERSE PARTY AND STATE COURT**

5. Pursuant to 28 U.S.C. § 1446(d), Galderma is serving written notice of the removal of this case on Plaintiff's counsel:

Lexington Law Group
Howard Hirsch, State Bar No. 213209
Abigail Blodgett, State Bar No. 278813
503 Divisadero Street
San Francisco, CA 94117

6. Pursuant to 28 U.S.C. § 1446(d), Galderma will promptly file a Notice of Removal Filing with the Clerk of the Superior Court of California, County of Alameda. Giali. Decl., ¶ 5.

### III. BASES FOR REMOVAL JURISDICTION

#### A. This Court Has Jurisdiction Under CAFA

7. Galderma asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as amended at 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, 1711-1715).

8. CAFA confers federal jurisdiction over class actions involving: (a) minimal diversity (*i.e.*, diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d). Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). This case satisfies CAFA's requirements.

##### 1. The Parties Are Minimally Diverse

9. Plaintiff is a citizen of California. Galderma is the United States affiliate of Switzerland-based Galderma, S.A., and is headquartered in Fort Worth, Texas. This satisfies the minimal diversity requirement.

10. Plaintiff is a California resident. Compl. ¶ 7. She seeks to represent a class composed of other persons who purchased the Products in California. Compl. ¶ 72. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

11. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Similarly,

for purposes of determining CAFA jurisdiction, a limited liability company is a citizen of the state of its organization and the state of its principal place of business. 28 U.S.C. § 1332(d)(10).

12. The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id*. at 81 (internal quotation marks omitted). This "should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

13. At the time of the filing of the Complaint and this notice of removal, Galderma is headquartered in Texas. Compl. ¶ . Accordingly, Galderma is not a citizen of California.

14. Therefore, the parties are minimally diverse.

### 2. The Proposed Class Exceeds 100

15. For purposes of removal, the Court looks to a plaintiff's allegations respecting class size. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

1. Plaintiff purports to bring a claim on behalf of herself and "[a]ll persons who purchased any of the Products in California during the applicable statute of limitations" Compl. ¶ 42. Plaintiff concedes that the members in the proposed class are so numerous that individual joinder is impracticable. Compl. ¶ 43. Moreover, plaintiff claims that the class includes "thousands of persons." *Id*. Thus, the proposed class well exceeds 100 members.

### 3. The Aggregate Amount in Controversy Exceeds $5 Million

16. Plaintiff does not plead a specific amount in controversy, so Galderma need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

17. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

18.   To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the Plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis and internal quotation marks omitted). The Court also may consider summary-judgment-type evidence relevant to the amount in controversy. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

19.   Here, it is clear that the amount in controversy exceeds $5 million.

20.   Plaintiff seeks, amongst other things, an order enjoining Galderma from using eczema-treatment-related claims, a corrective advertising campaign, an order requiring Galderma to implement whatever measures are necessary to remedy its allegedly untrue and misleading advertising, class notification, attorney's fees, and any other and further relief that the Court deems just or proper.

21.   ***First***, injunctive relief is properly valued in the amount in controversy. *See Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *2 (N.D. Cal. 2010).

22.   The value of injunction in this case is measured by the cost of revising labels, pulling challenged Products with the challenged statements from California shelves, and destroying old packaging. *See Arens v. Popcorn, Indiana, LLC*, 2014 WL 2737412, at *2 (N.D. Cal. June 16, 2014). Moreover, Galderma would have to develop new labels and advertising for its Products, or in the alternative, would have to change the product formulation and re-produce its Products to comply.

23.   To ensure that Galderma adequately complies with an injunction requiring it to cease using certain claims in California, Galderma would have to change its product labeling nationwide. Otherwise, distributors or other third-parties could sell Galderma's allegedly misbranded Products in California.

24.   ***Second***, many courts have looked to costs imposed upon the defendants if certain relief were granted to determine amount in controversy. *See Gen. Dentistry For Kids, LLC v.*

*Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010) (looking at defendant's cost of compliance in injunctive relief context). The cost to Galderma of destroying all misleading and deceptive advertising materials and product labels is thus properly valued in amount in controversy.

25. To destroy all allegedly misleading and deceptive Product labels, Galderma would have to buy back inventory in California, destroy its current and unsold inventory, and provide relabeled products to replace those it has bought back from retailers.

26. **Third**, a corrective advertising campaign should be counted when establishing the amount in controversy. *See Tompkins v. Basic Research LLC*, 2008 WL 1808316, at *5 (E.D. Cal. Apr. 22, 2008) (finding amount in controversy exceeded $5 million through valuation of injunction, buy back of products currently on shelves, and corrective advertising).

27. **Finally**, attorney's fees are counted in evaluating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). These fees "can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA." *Federico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

28. Plaintiff's Complaint raises complex factual and legal issues, including questions relating to whether Plaintiff's claims are plausible and relating to FDA labeling regulations. If the case were to proceed to discovery, it is likely that disputes would arise as to the proper breadth and scope of discovery to be permitted. It is also likely that the parties would seek to adduce expert scientific evidence and/or consumer survey evidence on, among other things, the truthfulness of Galderma's product labeling and marketing and to what extent the challenged statements actually impact consumer purchasing decisions. It is thus clear that litigating this case to a resolution on the merits would require substantial time and effort by Plaintiff's counsel.

29. Taken together, the amount in controversy in this action exceeds $5,000,000.

### 4. No Exception Applies to Defeat CAFA Jurisdiction

30. Neither CAFA's "local controversy" nor its "home state" exceptions apply to this case.

31. The local controversy exception does not apply when the principal injury alleged is one that occurred throughout the country, not just in the state where the case was filed, as is the case here. 28 U.S.C. § 1332(d)(A)(4)(i)(III); *see also Waller v. Hewlett-Packard Co.*, 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011).

32. For the home state exception to apply, all primary defendants must be citizens of the state in which the case is filed. 28 U.S.C. § 1332(d)(B); *see also Corsino v. Perkins*, 2010 WL 317418, at *5. As discussed *infra*, Galderma, the sole defendant, is not a citizen of California, and therefore this exception does not apply either.

## IV. RESERVATION OF RIGHTS AND REQUEST FOR ADDITIONAL BRIEFING

33. By removing this matter, Galderma does not waive and, to the contrary, reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. Galderma does not concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever. The question, however, is not whether class certification is appropriate or whether Plaintiff will recover any amount for any particular time period. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

34. Galderma believes that the Complaint was filed without legal or factual basis. Accordingly, by filing this Petition, Galderma reserves and does not intend to waive any and all rights to seek appropriate sanctions or other remedies.

## V. CONCLUSION

Defendant Galderma Laboratories, L.P. hereby removes the above-captioned action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated October 21, 2016

          MAYER BROWN LLP
          DALE J. GIALI
          KERI E. BORDERS

          By: */s/Dale J. Giali*
               Dale J. Giali
             Attorneys for Defendants